Friedman, J.E,
concurs in a separate memorandum as follows: Although I concur in reversing the order granting defendants’ summary judgment motion, I write separately because I believe that the majority addresses issues that need not be resolved to decide the appeal. In brief, plaintiff alleges that she slipped and fell on a patch of black ice on the sidewalk in front of defendants’ restaurant. Assuming without deciding that defendants’ submissions in support of their summary judgment motion satisfied their burden to establish a prima facie entitlement to judgment as a matter of law, the climatological records submitted by plaintiff in opposition raised a factual issue as to whether defendants had constructive notice of the icy condition on the sidewalk. Specifically, those records reflect that the temperature last rose above freezing on January 14, three days before the date of the accident (January 17), and that accumulated precipitation had been on the ground continuously since January 10. From this data, it may reasonably be inferred that the ice patch had formed from the melting and re-freezing of accumulated snow or ice pellets more than two days before the ac *414 cident, and defendants could reasonably be found to have had constructive notice of an icy condition that had been present for more than two days (see Santiago v New York City Health & Hosps. Corp., 66 AD3d 435, 435-436 [1st Dept 2009] [the presence of an icy condition for more than 24 hours raised an issue of constructive notice]).